DECISION AND JUDGMENT ENTRY
{¶ 1} On August 8, 2002, appellant, Stanley Rink, entered a guilty plea, pursuant to Alford v. North Carolina (1970), 400 U.S. 25, to two counts of rape involving a nine-year-old girl. Appellant was on post release control from a prior rape conviction at the time. Appellant consented to a continued adjudication that he was a sexual predator.
 {¶ 2} The state recommended a sentence of eight years incarceration for each count. However, the court rejected the state's recommendation and imposed consecutive ten-year maximum sentences on each count as well as an additional five years for violating post release control.
 {¶ 3} Appellant now appeals this sentence, suggesting in a single assignment of error that it was erroneous for the trial court to impose maximum sentences.
 {¶ 4} Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and hereby render our decision.
 {¶ 5} Appellant suggests that the trial court should have been bound by the state's sentencing recommendation. As the state notes, it is well settled that a trial court is not bound by such recommendations.State v. Walker (May 7, 1999), Lucas App. No. L-98-1210. Moreover, appellant was expressly advised of this prior to the court's acceptance of his plea.
 {¶ 6} Appellant also claims that the trial court improperly employed a rote recitation of statutory language to support imposition of maximum sentences. The record belies this claim. At the sentencing hearing, the court described appellant's offenses and his prior two rape convictions and noted the likelihood that "irreversible harm" was done to appellant's nine-year-old victim. This is sufficient analysis to support sentencing. Accordingly, appellant's single assignment of error is not well-taken.
 {¶ 7} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer, J., CONCUR.